RECORD NUMBER: 14-4474

# United States Court of Appeals
### *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**MAURICE STUCKEY,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

# OPENING BRIEF OF APPELLANT

**DENZIL H. FORRESTER**
**DENZIL H. FORRESTER,**
**ATTORNEY AT LAW**
**3325 Washburn Avenue**
**Suite 103**
**Charlotte, NC  28205**
**T: (704) 632-9992**
**F: (704) 632-9969**
**denzilfesq@aol.com**

*Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................... iii

STATEMENT OF JURISDICTION ............................................. 1

ISSUES PRESENTED FOR REVIEW ........................................ 2

STATEMENT OF THE CASE .................................................... 3

STATEMENT OF THE FACTS ................................................. 4

SUMMARY OF ARGUMENT .................................................. 6

ARGUMENT ............................................................................. 8

I.    Appellant's waiver of his right to appeal should be voided because extraordinary misapplication of the U.S. Sentencing Guidelines is tantamount to an erroneous application of the career offender enhancement, which is a fundamental miscarriage of justice in this Circuit ......................................... 8

    A.    STANDARD OF REVIEW ......................................... 8
    B.    DISCUSSION ............................................................ 8

II.   The district court abused its discretion in sentencing appellant ........................................................................... 15

    A.    STANDARD OF REVIEW ......................................... 15
    B.    DISCUSSION ............................................................ 15

CONCLUSION .......................................................................... 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Blackledge v. Allison*,
    431 U.S. 63, 71, 52L. ed. 2d 136, 97S. Ct. 1621(1977). ................... 14

*Booker v. United States,*
    543 U.S. 220 (2005)................................................................ 18

*Brown v. Nucor Corp.*,
    576 F.3d 149. (4th Cir. 2009) ............................................ 17

*Gall v. United States*,
    552 U.S. 38, 51 (2007) ...................................................... 15

*Graber v. City of Ankeny*,
    616 N.W.2d 633, 638 (Iowa 2000).................................... 15

*Martin v. Stewart*,
    499 F.3d 360, 363 (4th Cir. 2007) .................................... 16

*Rita v. United States*,
    551 U.S. 338 at 358-59 (2007) .................................... 18, 21

*United States v. Attar*,
    38 F.3d 727, 731-33 (4th Cir. 1994)................................ 13

*United States v. Bayerle*,
    898 F.2d 28, 30-31 (4th Cir. 1990)................................ 17

*United States v. Benigno Montes-Pineda*,
    445 F.3d 375 at 378(4th Cir. 2006). ................................ 18

*United States v. Blick*,
    408 F.3d 162, 168 (4th Cir. 2005). ................................ 8

*United States v. Carter*,
    564 F.3d 325, 328 (4th Cir. 2009). ................................ 20

iii

*United States v. Chase*,
    466 F.3d 310, 314 (4th Cir. 2006) ................................................. 11, 20

*United States v. Chatterji*,
    46 F.3d 1336, 1340 (4th Cir. 1995) ..................................................... 21

*United States v. Cohen*,
    459 F.3d 490, 495 (4th Cir. 2006) ....................................................... 13

*United States v. Crudup*,
    461 F.3d 433, 440 (4th Cir. 2006) ...................................................... 20

*United States v. Cruz,*
    *300 Fed.Appx.* 686, 688(11th Cir. 2008) ........................................... 14

*United States v.Goines*,
    357 F. 3d 469, 474 (4th Cir. 2004) ..................................................... 9

*United States v. Gonzalez,*
    16 F.3d 985, 990 (9th Cir. 1993) ....................................................... 14

*United States v. Lynn,*
    592 F.3d 572 (4th Cir. 2010) .............................................................. 15

*United States v. Mikalajunas,*
    186 F.3d 490, 496 (4th Cir. 1999) ....................................................... 8

*United States v. Miller,*
    316, F.3d 495, 498 (4th Cir. 2003) ..................................................... 21

*United States v. Moreland*,
    437 F.3d 424, 434 (4th Cir. 2006) ...................................................... 18

*United States v. Powell*,
    299 Fed.Appx. 220, 221-22 (4th Cir. 2008) ........................................ 14

*United States v. Rybicki*,
    96 F.3d 754 (4th Cir. 1996) ............................................................... 18

*United States v. Thompson,*
595 F.3d 544, 548 (4th Cir. 2010) ..................................................... 20

*United States v. Thornsbury,*
670 F.3d 532 (4th Cir. 2012) ............................................................. 9

*United States v. Tucker,*
603 F.3d 260 (4th Cir. 2010) ............................................................. 15

*United States v. Wiggins,*
905 F.2d 51, 53 (4th Cir.1990) .......................................................... 10

*Whiteside v. United States,*
748 F3d 541 549 (4th Cir. 2014) ....................................................... 9

## STATUTES

18 U.S.C. § 2 ....................................................................... 1, 2, 3

18 U.S.C. § 924(c). .............................................................. 1, 5

18 U.S.C. § 3231 ..................................................................... 2

18 U.S.C. § 1951(a) .............................................................. 1, 3, 5

18 U.S.C. § 2119 .................................................................. 1, 3

18 U.S.C. § 2461(c) ................................................................. 1

18 U.S.C. §3553 (a) ............................................................... 20

18 U.S.C. §3553 (a) (3) ........................................................... 20

18 U.S.C. § 3742(a) ................................................................. 2

21 U.S.C. § 851 .................................................................... 10

28 U.S.C. § 1291 ................................................................... 2

## RULES

Fed. R. App. P.4 (b)(1)(A) ........................................................... 2

Fed. R. Evid. 404(b) .................................................................. 3, 11

## GUIDELINES

U.S.S.G. §2B3.1 ....................................................................... 19

U.S.S.G. §2B3.1(b)(2)(A) ......................................................... 6, 13

## STATEMENT OF JURISDICTION

On December 11, 2012, a four count Bill of Indictment was filed against Maurice Stuckey.  On December 18, 2012, defendant had an initial appearance before Magistrate Judge David S. Cayer, in the Western District of North Carolina, Charlotte Division.  At said hearing he was advised of his rights and the charges in the Bill of Indictment.  Count One of the Bill of Indictment charged the defendant with the Hobbs Act violation of planning to take marijuana from the presence and person of another against their will and by means of actual and threatened force, in violation of Title 18 U.S.C. § 1951(a).  Count Two charged defendant with Use or Carry a Firearm During and Possession of a Firearm in Furtherance of a Crime of Violence-Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c).  The offenses in the first two counts occurred on or about July 5, 2011, in Charlotte, within the Western District of North Carolina.   In Count Three defendant is charged with Carjacking in violation of 18 U.S.C. § 2119.  Count Four charged defendant with Use or Carry a Firearm During and Possession of a Firearm in Furtherance of a Crime of Violence-Carjacking, in violation of 18 U.S.C. § 924(c).  Count Three and Count Four occurred on or about August 6, 2011.  A Notice of Forfeiture, pursuant to 18 U.S.C. § 2461(c) was filed in this matter.  On May 22, 2013, a Superseding Bill of Indictment was filed.  The substantial change to the

1

charging document was the addition of the Conspiracy charge, 18 U.S.C. § 2, to each of the four counts.

On August 7, 2013, Mr. Stuckey appeared before United States Magistrate Judge David Keesler, in Charlotte, Mecklenburg County, North Carolina, and pled guilty to Counts:  One and Four, of the Bill of Indictment pursuant to a written plea agreement.  The district court entered judgment on April 9, 2014.  The Notice of Appeal was filed on June 11, 2014.  Criminal defendants are allowed fourteen calendar days after the entry of judgment to appeal pursuant to the Federal Rules of Appellate Procedure, 4(b)(1)(A).  Mr. Stuckey's Notice of Appeal was filed in a timely manner.  The district court has jurisdiction pursuant to 18 U.S.C. § 3231. This Court's jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

I.     **Appellant's waiver of his right to appeal should be voided because extraordinary misapplication of the U.S. Sentencing Guidelines is tantamount to an erroneous application of the career offender enhancement, which is a fundamental miscarriage of justice in this Circuit.**

II.    **The district court abused its discretion in sentencing appellant**.

## STATEMENT OF THE CASE

This case began on December 11, 2012, from a sealed Bill of Indictment filed in the Western District of North Carolina in the Charlotte Division. On May 22, 2013, Maurice Stuckey was charged in a superseding Bill of Indictment with, violating Titles:  18 U.S.C. § 2; 18 U.S.C. § 924(c); 18 U.S.C. § 1951(a); and 18 U.S.C. § 2119.

Procedurally, Stuckey was arraigned on December 21, 2012, with Attorney Peter Adolf as defense counsel.  Pursuant to a Detention Order signed by Magistrate Judge Cayer, the defendant was held without bond on December 21, 2012.  On February 15, 2013, a Motion to Withdraw as Counsel was filed.  On February 18, 2013, a text-only order granting the Motion to Withdraw was issued. On February 25, 2013, Attorney Mark Foster was appointed to represent the defendant.  On April 19, 2013, defendant filed a Motion for Separate Trials on the several counts.  On April 26, 2013, the Government filed a Notice of Intent to Use Rule 404(b) Evidence.

On August 7, 2013, Stuckey appeared before the magistrate court and pled guilty to Counts One and Four of the Bill of Indictment.  On August 19, 2013, a

3

Factual Basis was filed in this matter. The Presentence Report (PSR) was published on November 27. 2013. Defendant filed objections to the PSR on December 13, 2013. A Final PSR was filed on February 6, 2014.

On April 9, 2014, United States District Judge Max O. Cogburn, Jr. accepted defendant's pleas of guilty to the two counts. At the sentencing hearing, the defendant received a guideline range sentence of 97 months on the Count One conviction, based on a total offense level of 28 at criminal history category III. (JA 115) He received the mandatory minimum sentence of 84 months to the Count Four conviction, for a total term imposed of 181 months. The district court pronounced a three-year term of Supervised Release. (JA 115)

On June 10, 2014, the Judgment and Statement of Reasons were filed. On June 11, 2014, a Notice of Appeal was filed.

## STATEMENT OF THE FACTS

Maurice Stuckey was charged with a Hobbs Act violation and use of a firearm in furtherance of said offense at the young age of 20 years old. On December 11, 2012, he was formally indicted in the Western District of North Carolina for Count One, of the Bill of Indictment with a Hobbs Act violation of

4

planning to take marijuana from the presence and person of another against their will and by means of actual and threatened force. This transaction is in violation of Title 18 U.S.C. § 1951(a). He was also charged in Count Four with Use or Carry a Firearm During, and Possession of a Firearm in Furtherance of, a Crime of Violence-Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c).

In the charging document each Hobbs Act violation with its odd-number captioned count had a companion even-number 18 U.S.C. § 924(c) weapons violation. The first two counts occurred on July 5, 2011. The last two counts happened on August 6, 2011. All incidents occurred in the Western District of North Carolina, at Charlotte, North Carolina, and elsewhere. On May 22, 2013, the original indictment was superseded to include conspiracy counts. The Superseding Bill of Indictment contained a Notice of Forfeiture. Counts Two and Three were subsequently dismissed at the sentencing hearing.

Stuckey did possess a firearm during the separate violations. (JA 102 & 161). The conspirators set out to rob drug dealers. (JA 102). In one of the incidents a suspected drug dealer was shot by a coconspirator. The Government concedes Appellant was not the one who shot the victim. (JA 102). The Factual basis contains allegations of kidnapping. However, it also indicates Stuckey

"walked" away from further recrimination by voluntarily ending that criminal episode. (JA 161)

Regarding facts more pertinent to this appeal, Mr. Stuckey disapproved of the Guideline "numbers." (JA 89)  It was an issue raised before the sentencing court. (JA 89)  The appropriateness of the calculations was explained by the U.S.P.O.   In the PSR the officer explained that under Specific Offense Characteristics a firearm was discharged during the course of the instant offense. Therefore, pursuant to USSG §2B3.1(b)(2)(A), the offense level is increased [seven levels]. (JA 162)

The sentencing judge asserted it was the district court's job to find out whether the numbers are right or not. (JA 89)   To date, no curative supplemental PSR has been published with different "numbers.  The district court then sentenced Stuckey to 181 months of imprisonment.  (JA 97,115)  Stuckey filed a timely notice of appeal.

## SUMMARY OF ARGUMENT

Appellant signed a plea agreement wherein he waived his right to appeal his conviction or sentence.  He contends the Government had a duty to contest the

seven-level enhancement.  According to the plea agreement the Government should not have supported such an enhancement.  A breach by prosecution violates the plea agreement and voids the appellate waiver.

The Department of Justice (DOJ) made an omission by not arguing against the seven-point enhancement at the sentencing hearing.  Their position prejudiced appellant's sentence, to the term of over four years.  Recent case law is instructive that the prosecution cannot rely solely on the appellate waiver in the plea agreement, when there is a material defect in the administration of justice.  The district court via the United States Probation Officer should have investigated thoroughly and then render an accurate Guidelines calculation.  The sentencing court, U.S. Probation and the DOJ failed to recognize the miscarriage of justice.

## ARGUMENTS

**I.      Appellant's waiver of his right to appeal should be voided because extraordinary misapplication of the U.S. Sentencing Guidelines is tantamount to an erroneous application of the career offender enhancement, which is a fundamental miscarriage of justice in this Circuit.**

A.      <u>Standard of Review</u>

An appellate waiver is generally considered to be knowing and intelligent where the court specifically questioned the defendant regarding the waiver during the Federal Rule of Criminal Procedure 11 colloquy and the record indicates the defendant understood the significance of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). "Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo." *Id.*

B.  <u>Discussion</u>

Appellant Stuckey, the Assistant United States Attorney, and trial counsel all understood the possibility of a minor discrepancy in the ultimate sentencing range. Ordinary misapplication of the guidelines does not amount to a miscarriage of justice. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). It is also bright line fact stipulated to, in the plea agreement, and reiterated during the plea colloquy. (JA 50 & 154)

8

However, recent case law has placed a limit on allowable deviations. That bright line is now at a fundamental miscarriage of justice. *Whiteside v. United States*, 748 F3d 541 549 (4th Cir. 2014). At Stuckey's sentencing hearing, the final determination was left to the sole arbiter. "We hold that the "sentencing range" is the range actually applied by the district court." *United States v.Goines*, 357 F. 3d 469, 474 (4th Cir. 2004). In reference to the numbers on the Presentence Report (PSR), the district court expressly stated, "[i]t's my job to find out whether it's right or not." (JA 89). The district court was cognizant Stuckey did not agree with the [offense level] "numbers." (JA 89). Stuckey contends his plea waiver should be void because the gross misapplication of his guideline range by the district court is an issue outside of the scope of the appellate waiver he signed. *United States v. Thornsbury*, 670 F.3d 532 (4th Cir. 2012).

Likewise an:

Erroneous application of the career offender enhancement amounted to a fundamental miscarriage of justice cognizable on collateral review because absent the enhancement, the inmate would have faced a Guidelines range of 140-175, but with the enhancement, his range was 262-327 months, and thus, had the district court begun with the correct range, it almost certainly would have imposed a different sentence.
*Whiteside*, at 541.

In this matter Stuckey should have faced a Guideline range of 46-57 months.

9

However, with the seven-point enhancement his range was 97-127 months. Stuckey asserts, had the district court begun with the correct range, it almost certainly would have imposed a difference sentence. A term of 46 months yields 3.83 year in decimal terms. A term of 97months yields 8.08 years in decimal terms. Like the appellant in *Whiteside*, Stuckey's term of imprisonment on a single count doubled, due to error. A mistake that has the effect of a Title 21 U.S.C. § 851 Notice in doubling a sentence, is a fundamental miscarriage of justice. *Id*.

Stuckey is prejudiced by approximately four and a quarter years of additional imprisonment. This is a major concern to a parent with a minor child. (JA 167). Stuckey agues the ruling in *Whiteside* places great import on the constitutional issue of deprivation of liberty. Therefore this Court should do likewise regarding Stuckey's freedom.

In the last century this Circuit held a criminal defendant has the right to waive his appellate rights under appropriate circumstances. *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990). The finality of judgments and sentences imposed pursuant to valid pleas of guilty, "should be given their proper effect," and a defendant who waives his right to appeal for the purpose of obtaining concessions from the government "may not ignore his part of the bargain." *Id.* at

54. That is a valid contention in other cases. However, such a concern is not

relevant to the facts of this matter. Stuckey does not want the Government to

benefit from an error by the probation officer or sentencing court.


In this matter, Appellee may assert the trial prosecutor, "let him have this

plea agreement" after a 404(b) notice was filed. This connotes the plea

arrangement came after active negotiations. (JA 104) Such activity would imply a

meeting of the minds. Plea agreements are grounded in contract law, and both

parties should receive the benefit of their bargain. *United States v. Chase*, 466

F.3d 310, 314 (4th Cir. 2003). In other cases, the appellants desire to ignore the

bargain. Stuckey wants to obtain the benefit of his bargain, a reasonable sentence

based in law. However, it is clear from the record the opposing advocates did not

discuss the subject of double counting an offense characteristic in their alleged

fierce negotiations. The district court requested information regarding, what could

be relevant conduct material, background on this defendant beyond what is in the

PSR. (JA 104) It appears the court may have been interrupted by the Government.

The prosecutor retorted, "I don't." (JA 104) However, the seven-point

enhancement is a factor of relevant conduct. Stuckey was enhanced on Count One

for behavior which occurred in a separate incident in Count Four, on a different

day. In truth, the Government along with the U.S. presentence probation officer

11

and district court were not alerted to the ruling in *Goines* regarding the misapplication of the seven points. The only one to vaguely raise it was Stuckey in his disagreement with the "numbers." (JA 89). For the Government to now launch a full blown argument regarding the appropriateness of enhancing defendant's sentence under a specific offense characteristics pursuant to USSG §2B3.1(b)(2)(A) would be counterintuitive for two reasons.

First, it has been forbidden. The USPO calculated the base offense level using the Hobbs Act violation. The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 1951 is found in USSG §2B3.1 and calls for a base offense level of 20. Application of the seven-point enhancement has been abrogated for years now.

Secondly, it would be a breach of the plea agreement. According to paragraph seven (d) of the plea agreement:

> The United States will inform the Court and the probation office of all facts pertinent to the sentencing process and will present any evidence requested by the Court.

The judge requested that information from the prosecution at the time of sentencing. (JA 104) Therefore, it would be disingenuous for Appellee to now

argue the major error was part of the concessions obtained from the Government during plea bargaining.

In light of the case law and other disclosures in this document, Appellee will be affirmatively advocating in contravention of the plea agreement its predecessor bargained for. Another mistake went undiagnosed by the U.S.P.O. at the trial level. The PSR at paragraph number 19 states "the offense level is increased by six levels." (JA 162). The increase is actually a seven-level increase, pursuant to USSG §2B3.1(b)(2)(A), when applicable to a particular defendant. Appellant states a sentence fraught with glaring errors should not be upheld.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). *Wiggins*, at 53. A waiver will preclude appeal of a specific issue if the record establishes the waiver is valid and that the issue is within the scope of that waiver. *United States v. Attar*, 38 F.3d 727, 731-33 (4th Cir. 1994). Stuckey points out; the seven-point increase is outside the scope of the plea agreement. It is clear from the record neither party discussed it. *Blick* at 168. Stuckey contents the government will stand in breach of the plea agreement if it successfully petitions to ignore a material term of the plea document. The prosecution would have silently committed an omission by intimating paragraph

7(d) is not a material term. (JA153-155)  "We will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver". *United States v. Cohen*, 459 F.3d 490, 495 (4th Cir. 2006). An appellate waiver is not enforceable if the government breaches its obligations under the plea agreement.  *United States v. Powell*, 299 Fed.Appx. 220, 221-22 (4th Cir. 2008); *United States v. Cruz, 300 Fed.Appx.* 686, 688(11th Cir. 2008); *United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1993).  Therefore, Stuckey has demonstrated an additional reason to void the appeal waiver.

The prosecution's position in defense of this brief may jeopardize the very thing its presumably seeks to preserve.  The chief virtues of the plea system are: economy, speed, and finality.  *Blackledge v. Allison*, 431 U.S. 63, 71, 52L. ed. 2d 136, 97S. Ct. 1621(1977).  The very tenets the Government generally approves of in other cases, it now wants to place at risk because it is unwilling to concede obvious defeat in this instance.  Stuckey argues selective application of the law is never constructive to our system of justice.   This is especially true in a matter where the allegation is tantamount to a miscarriage of justice in a career offender case.  Therefore, the sentence in this matter should be vacated and the case should be remanded to the district court for resentencing.

**II.      The district court abused its discretion in sentencing appellant**.


    A.      <u>Standard of Appellate Review</u>


    We review a sentence for reasonableness under an abuse-of-discretion standard.   *Gall v. United States*, 552 U.S. 38, 51 (2007).  This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. *Id., See also United States v. Lynn,* 592 F.3d 572 (4th Cir. 2010); *United States v. Tucker,* 603 F.3d 260 (4th Cir. 2010).


    B.  <u>Discussion</u>


    The coconspirators brandished and discharged the bullets and now Appellant has to pay twice for that bit of relevant conduct.  Based on its assessment of the circumstance, and the defendant's culpability regarding relevant conduct, the Government insidiously sought an enhancement against Stuckey.  (JA 93) The sentencing court condoned it, "that pretty serious."  (JA 95)


    A court abuses its discretion when its discretion is based upon erroneous

application of the law or when its discretion is not supported by substantial evidence. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000). A district court abuses its discretion whenever "its decision is guided by erroneous legal principles." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Stuckey's sentencing court made a decision based on a gross misapplication of sentencing law. The seven-basis-point increase was abrogated about 10 years earlier. Yet the sentencing court still applied it to Mr. Stuckey.

The actual litigant did proffer an objection to the PSR. He disagreed with the numbers. (JA 89) The Court did not articulate fully its ruling as to give assurance that it did make an assessment of the meaning of the term "numbers," during the sentencing hearing. Mr. Stuckey reasonably believes the Court's action in conjunction with the government's argument, is manifestation that the sentencing court felt it was prohibited from considering any other Guideline range. So the only range for Stuckey was the erroneous one offered by the probation officer. (JA 92-97) The district court said, it needs a big sentence and the best I can give him is 181 months. (JA97) It is now obvious the "numbers" in Count One should have been 46 months not 97 months. Therefore, the best sentence the district court could have given Stuckey was imprisonment for a total of 130 months, not 181months. Four years and three months is a long time. What if

16

Stuckey died in prison or was the victim of a maiming fight while serving the illegal time, anytime over 130 months. This miscarriage of justice would lead to him being carried out of prison in a pine box.

The decision of a district court not to depart is reviewable when that determination is grounded upon a belief that the court lacks the legal authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). In *Bayerle* the district court knew it could depart, but refused to do so because it concluded the evidence did not justify departure. Here, Stuckey believes the evidence supporting a seven-level departure is clear. In fact he argues departure is mandatory under *Goines*. It is obvious the district court was vastly erroneous in its conclusion, regarding getting it right. Stuckey is not saying the prosecution spoke for the district court. However, the sentencing court made no further articulation distinguishing its ruling from the Government's contention concerning the law. Now, Appellant is under the belief the district court endorsed the Government's faulty argument regarding a harsh sentence because Stuckey did not receive one in state court. (JA105) This appeal should be entertained in order to address the travesty of the seven-point enhancement which was generated from questionable calculations and used by the Government to influence the sentencing court.

17

The error is fundamentally flawed for at least two reasons.  First, a district court *per se* abuses its discretion when it makes an error of law or clearly errs. *Brown v. Nucor Corp*., 576 F.3d 149. (4th Cir. 2009).  It is *per se* an abuse of discretion for the district court to have relied on a forbidden basis for departure. *United States v. Rybicki*, 96 F.3d 754 (4th Cir. 1996).

The crux of this appeal concerns the massive increase in base offense level points when both parties and the district court missed errors in the PSR.  The mistake resulted in a four year increase in imprisonment.  In *Booker v. United States*. 543 U.S. 220 (2005), the Court rendered the once-mandatory federal Sentencing Guidelines "effectively advisory," and called on federal appellate courts to review district courts' sentences for "reasonableness."  *Gall* at 51.

> The Court explained that this reasonableness review has procedural and substantive components.  First, an appellate court must review for procedural reasonableness, ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, or failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors. A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission."  *See United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)".  Cited in *United States v. Benigno Montes-Pineda* 445 F.3d 375 at 378(4th Cir. 2006).

18

These factors include the "nature and circumstances of the offense and the history and characteristics of the defendant".… 18 U.S.C. § 3553(a). *Rita v. United States*, 551 U.S. 338 at 358-59 (2007).

Stuckey contends this Court is interested in all pertinent mistakes made by a sentencing court especially miscalculating the Guidelines range. The PSR incorrectly assessed seven additional basis points for Stuckey's Specific Offense Characteristic, pursuant to U.S.S.G. § 2B3.1(b)(2)(A). Mr. Stuckey posits pursuant to U.S.S.G. § 2K2.4, comment. n (4), if a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive of firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). U.S.S.G. § 2K2.4, comment. (n.4).

Every provision in the plea agreement is material. (JA 153) Surely the Government will concede this fact. Here the district court affirmatively placed itself in the path of an error by asserting a duty to get the calculations right. (JA 89) However, it failed to take the steps to get it right or in creating a record to

19

assist this Court in discerning the rational for the unreasonable sentence.  A
sentence is unreasonable if the district court failed to state a proper basis for
concluding the defendant should receive the sentence imposed.  *United States v.*
*Crudup*, 461 F.3d 433, 440 (4th Cir. 2006).  Here the trial court ran afoul of the law
with its conclusory remark of taking on the extra role of having its legal research
clerk or presentence officer procure the correctness of the enhancement.  There is
nothing in the transcript which demonstrates the enhancement is specific to
Stuckey.

Information to the contrary exists.  The Government argued a tangential
point regarding how defendants generally are not severely punished in state court.
Therefore this sentence should be long to reflect the seriousness of the offense.
(JA 104-105)  A district court must provide an "individualized assessment" based
upon the specific facts before it.  *United States v. Carter*, 564 F.3d 325, 328 (4th
Cir. 2009).  Pursuant to 18 U.S.C. §3553 (a) (3), the kinds of sentences available
to a defendant should be considered.   Stuckey contends to ignore a sentencing
application specific to him is plainly unreasonable.  A sentence which runs afoul of
clearly settled law is plainly unreasonable.  *United States v. Thompson*, 595 F.3d
544, 548 (4th Cir. 2010).

20

Because of the acrimony between counsel and client, the district court should have queried the actual litigant regarding his specific challenge to the "numbers", before it pronounced judgment. The misapplication of a forbidden upward departure is a question of law which is reviewed de novo. *United States v. Chatterji*, 46 F.3d 1336, 1340 (4th Cir. 1995)." The increase places Stuckey in custody longer than the appropriate Guidelines term calls for. A sentencing court's interpretation of the law is a legal issue, reviewed de novo. *United States v. Miller*, 316, F.3d 495, 498 (4th Cir. 2003). Therefor this Court should take a new look at Stuckey's sentence.

Stuckey, is aware of the presumption of reasonableness a Circuit Court afford a within-guidelines sentence. However, a procedurally unreasonable sentence is an exception. *Rita, at* 356. Stuckey has shown the district court abused its discretion in this matter. Therefore, his sentence should be vacated.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully prays this Court vacates appellant's sentence and remand the case to the district court for resentencing.

21

<u>REQUEST FOR ORAL ARGUMENT</u>

Counsel respectfully requests oral argument on behalf of the Mr. Stuckey.


Respectfully Submitted,

September 18, 2014


**<u>s/Denzil H. Forrester</u>**
N.C. State Bar No. 24976
Attorney for Defendant
Denzil H. Forrester Attorney-at-Law
3325 Washburn Avenue, Suite 103
Charlotte, NC 28205
(704) 632-9992-v
(704) 632-9969-fx
denzilfesq@aol.com

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-4474</u>        **Caption:** <u>U.S. V. Maurice Stuckey</u>

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[✓]    this brief contains <u>4419</u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[✓]    this brief has been prepared in a proportionally spaced typeface using <u>MS Word 2010</u> [*identify word processing program*] in <u>Times New Roman 14 pt.</u> [*identify font size and type style*]; **or**

[ ]    this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>Denzil H. forrester</u>

Attorney for <u>Appellant</u>

Dated: <u>9/18/2014</u>

# CERTIFICATE OF SERVICE

I certify that on  9/18/2014            the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

AMY ELIZABETH RAY
OFFICE OF THE U.S. ATTORNEY
United States Courthouse
100 Otis Street Room 233
Asheville, NC  28801
T: (828) 271-4661
F: (828)271-4670
amy.ray.usdoj.gov

/s/ Denzil H. Forrester

Signature

9/18/2014

Date